STATE OF NORTH CAROLINA v. SHIRLEY BEVIN

No. 8125SC716

(Filed 19 January 1982)

**Assault and Battery § 15.6— inadequate instruction on self-defense in final mandate**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries, the trial court's instruction that "if you find the defendant acted properly on the first, second, or third issue, you would find her not guilty, self-defense being a complete defense to the crime charged," made between instructions on two lesser included offenses, was an insufficient instruction on self-defense in the final mandate since it did not adequately explain to the jury that not guilty by reason of self-defense was a possible verdict and that the burden was on the State to show that the defendant did not act in self-defense.

APPEAL by defendant from *Friday, Judge.* Judgment entered 16 December 1980 in Superior Court, BURKE County. Heard in the Court of Appeals 11 December 1981.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill, inflicting serious injury.

State's evidence consisted of testimony by the prosecuting witness, Christine Johnson, who stated that defendant came to her home and attacked her without provocation, cutting her arm.

Defendant, testifying on her own behalf, raised the defense of self-defense, claiming that Ms. Johnson attacked her first and that defendant used only reasonable force in defending herself.

The jury found defendant guilty of assault with a deadly weapon, inflicting serious injury. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

ARNOLD, Judge.

As her first assignment of error, defendant argues that the trial court erred in failing to instruct the jury properly on self-defense in its final mandate. While the defendant concedes that the jury was properly instructed on self-defense earlier in the charge, she contends that a later reference to self-defense made between instructions on two lesser included offenses was insufficient to fulfill the requirement introduced by our Supreme Court in *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974).

In *Dooley*, the Court set forth a model instruction to be included in the final mandate where evidence of self-defense had been introduced at trial. While this Court has not construed *Dooley* to require rigid adherence to this model instruction, we have held that the trial court's final mandate must adequately explain to the jury that they can find the defendant not guilty by reason of self-defense. *State v. Carter*, 42 N.C. App. 325, 256 S.E. 2d 535 (1979).

In the present case, the trial judge, after instructing on assault with a deadly weapon inflicting serious injury, and prior to instructing on assault with a deadly weapon, gave the jury the following instruction:

[I]f you find the defendant acted properly on the first, second, or third issue, you would find her not guilty, self-defense being a complete defense to the crime charged.

We find that this instruction did not adequately explain to the jury that not guilty by reason of self-defense was a possible verdict, and that the burden was on the State to show that the defendant did not act in self-defense.

We find it unnecessary to address defendant's second assignment of error since the trial court's failure to include an adequate instruction on self-defense in its final mandate is prejudicial error entitling defendant to a new trial.

New trial.

Judges MARTIN (Harry C.) and WELLS concur.